## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| WILLIAM ELLIS AND STERLING MCMUTRY, | CIVIL ACTION NO. |
| Plaintiffs, | JURY TRIAL DEMANDED |
| v. | |
| COBB COUNTY SCHOOL DISTRICT, | |
| Defendant. | |

## COMPLAINT

Plaintiffs William Ellis and Sterling McMutry bring this Complaint for damages and other relief against Defendant Cobb County School District and allege as follows:

### NATURE OF THE ACTION

1.    This is an action for unpaid overtime wages in violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et. seq.*, ("FLSA").

### PARTIES

2.    Plaintiff William Ellis and Plaintiff Sterling McMutry (collectively "Plaintiffs") are citizens of Georgia.

3.    Defendant is the county government agency which operates public schools in Cobb County, Georgia.

4.    Defendant may be served with process by delivering a copy of the Summons and this Complaint to Defendant's registered agent, Chris Ragsdale, Superintendent, 514 Glover Street, S.E., Marietta, Georgia 30060.

## JURISDICTION AND VENUE

5.    The Court has original jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. § 1331 because they raise questions of federal law.

6.    Under 28 U.S.C. § 1391 and Local Rule 3.1, venue is proper because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred within the Atlanta Division of the Northern District of Georgia.

## FACTUAL ALLEGATIONS IN SUPPORT OF PLAINTIFFS' CLAIM FOR FAILURE TO PAY OVERTIME

7.    Defendant qualifies as an "employer" within the meaning of the FLSA.

8.    Defendant hired Plaintiff Ellis in or about September of 1999 as a custodian.

9.    Defendant hired Plaintiff McMutry in or about 2003 as a custodian.

10.    Plaintiffs are currently employed by Defendant as custodians at Green Acres School.

11.    Plaintiffs are hourly employees of Defendant.

12.    Plaintiff Ellis is compensated at an hourly rate of $19.76.

13.    Plaintiff McMutry is compensated at an hourly rate of $19.00.

14.    Defendant is a covered entity under the FLSA.

15.     Defendant is an employer under the FLSA.

16.     By way of example, Defendant is a public agency as that term is defined under the FLSA.

17.     Plaintiffs are employees of Defendant, under the FLSA.

18.     Plaintiffs are employees of Defendant, which is a public agency.

19.     Defendant hired Plaintiffs.

20.     Defendant maintains Plaintiffs' employment records.

21.     Defendant sets Plaintiffs' work schedule.

22.     Defendant provides Plaintiffs with performance evaluations.

23.     Defendant pays Plaintiffs' wages.

24.     Defendant, however, failed to maintain accurate records of Plaintiffs' hours worked.

25.     By way of example, Plaintiff Ellis worked full shifts without pay during the summer months, under threat of termination.

26.     Additionally, Plaintiffs are subject to an automatic lunch deduction, regardless of whether or not they actually performed work on behalf of Defendant during their lunch break.

27.     Defendant frequently instructs Plaintiffs to perform work during their lunch break and Plaintiffs are required to work, despite Defendant knowing that Plaintiffs are on their lunch break.

28.   Defendant knew or should have known that Plaintiff worked hours in excess of 40 during certain workweeks.

29.   Ashley Mize is the current principal of Green Acres.

30.   Prior to Mize being named principal of Green Acres, Ms. White was the school's principal.

31.   Plaintiffs complained to White that they could not complete their job duties within their scheduled work hours.

32.   White told Plaintiffs that they had to complete their job duties anyway.

33.   White told Plaintiffs to not record any overtime hours.

34.   Additionally, Plaintiff Ellis told Mize that it was not possible for him and the custodian staff to complete their job duties within 40 hours per week.

35.   In response, Mize said that she did not care and that the custodial staff had to get the job done no matter what.

36.   Mize told Plaintiffs that they are not to leave the premises of the school until their job duties are complete.

37.   The instructions from White and Mize resulted in Plaintiffs regularly coming in prior to and staying after their scheduled shift to complete their job duties.

38.   To finish their job duties, Plaintiffs regularly worked more than 40 hours in certain workweeks.

39.    Defendant told Plaintiffs to record only their shift hours, not their actual hours worked.

40.    Plaintiff Ellis complained to Bradley Massey about not being properly compensated for his overtime work.

41.    Massey is a supervisor of Defendant's Custodial Services Department.

42.    Massey is a supervisor of Plaintiffs.

43.    Massey has been a supervisor of Plaintiffs for the past three years.

44.    Plaintiff Ellis also made complaints of unpaid overtime to Debbie Culhane.

45.    Culhane is an employee of Defendant's Human Resources department.

46.    On information and belief, Culhane has served in this role for the past three years.

47.    Plaintiffs have access badges to enter the school buildings.

48.    Plaintiffs' access badges are unique and individualized.

49.    Additionally, Plaintiffs have individualized alarm codes for turning off and turning on the school's alarm system.

50.    Plaintiffs regularly turned off the school's alarm prior to beginning their work.

51.    Plaintiffs regularly turned on the school's alarm after completing their work.

52.     Despite Plaintiffs working over 40 hours in certain workweeks to finish their job duties, Defendant failed to properly compensate Plaintiffs for all hours worked on behalf of Defendants.

53.     Defendant's practices resulted in Plaintiff working hours in excess of 40 per week for which they were not compensated at one and one-half times their regular rate of pay.

## COUNT 1: FAILURE TO PAY OVERTIME WAGES

54.     Plaintiffs worked more than 40 hours per week during certain workweeks while employed by Defendant.

55.     Defendant failed to compensate Plaintiffs for all hours worked, including those in excess of 40 per workweek.

56.     Defendant failed to compensate Plaintiffs at one and one-half times their regular rate of pay for all hours worked over 40 during certain workweeks.

57.     Defendant suffered or permitted Plaintiffs to work hours in excess of 40 during certain workweeks.

58.     Defendant knew or should have known that Plaintiffs worked in excess of 40 during certain workweeks.

59.     Defendant knew Plaintiffs worked more than 40 hours during certain workweeks but chose not to pay Plaintiffs one and one-half times her regular rate of pay for all hours worked over 40 per workweek.

60.    Defendant violated the FLSA's overtime provision willfully and with reckless disregard for Plaintiffs' rights.

61.    Pursuant to U.S.C. § 216(b), Defendant is liable to Plaintiffs for all unpaid overtime wages, liquidated damages, and attorney's fees and costs of litigation.

## DEMAND FOR JUDGMENT

Plaintiffs respectfully requests that the Court:

(a)    Declare that Defendant violated the FLSA;

(b)    Enter judgment against Defendant that it violated the FLSA and, further, that its violations were willful;

(c)    Enter a monetary judgment against Defendant, including:

    i)    Unpaid overtime wages;

    ii)    Liquidated damages in an amount equal to Plaintiffs' unpaid wages;

    iii)    Reasonable costs and attorney's fees;

    iv)    Prejudgment interest; and,

(d)    Grant such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rules of Civil Procedure 38, Plaintiffs demand a jury trial.

Respectfully submitted: November 28, 2018.

POOLE HUFFMAN LLC                   /s/  William Cleveland
3562 Habersham at Northlake         William ClevelandGeorgia Bar
Building J, Suite 200               No. 721593
Tucker, Georgia 30084               Tim J. Guilmett
Phone: (404) 373-4008               Georgia Bar No. 624309
William@poolehuffman.com
                                    Counsel for Plaintiffs