# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| WILLIAM ELLIS and, <br> STERLING MCMUTRY, <br><br> Plaintiffs, <br><br> v. <br><br> COBB COUNTY SCHOOL <br> DISTRICT <br><br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Action File <br> ) No: 1:18-CV-05418-LMM <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## JOINT PRELIMINARY REPORT AND DISCOVERY PLAN

1. DESCRIPTION OF CASE:

    (a) Describe briefly the nature of this action.

    Plaintiffs allege that Defendant violated the Fair Labor Standards Act ("FLSA") by not paying them overtime.

    (b) Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.

    Plaintiffs are custodians who are employed by the Cobb County School District. Plaintiffs claim that that they are owed overtime pay under the Fair Labor Standards Act. Defendant contends that at all relevant times, Plaintiffs received appropriate compensation for all hours worked as custodians. Further, at all relevant

times, Defendant acted in accordance with what it believed was required by the Fair Labor Standards Act and all other applicable statutes.

    (c)    <u>The legal issues to be tried are as follows:</u>

        1. If Plaintiffs are entitled to overtime, and if so the amount of unpaid overtime wages.

        2. Whether plaintiffs are entitled to liquidated damages.

        3. If the Plaintiffs are entitled to overtime, what is the appropriate amount of attorneys fees and costs.

    (d)    <u>The cases listed below (include both style and action number) are:</u>

        (1)    Pending Related Cases:    None.

        (2)    Previously Adjudicated Related Cases:    None.

2.    THIS CASE IS COMPLEX BECAUSE IT POSSESSES ONE (1) OR MORE OF THE FEATURES LISTED BELOW (PLEASE CHECK):

_____ (1) Unusually large number of parties

_____ (2) Unusually large number of claims or defenses

_____ (3) Factual issues are exceptionally complex

_____ (4) Greater than normal volume of evidence

_____ (5) Extended discovery period is needed

_____ (6) Problems locating or preserving evidence

_____ (7) Pending parallel investigations or action by government

_____ (8) Multiple use of experts

_____ (9) Need for discovery outside United States boundaries

_____ (10) Existence of highly technical issues and proof.

   3.   COUNSEL:

The following individually-named attorneys are hereby designated as lead counsel for the parties:

   **Plaintiff:**     William S. Cleveland

   **Defendants:**   Randall C. Farmer

4.   JURISDICTION:

Is there a question regarding this court's jurisdiction?

(\_\_\_\_\_) Yes        (\_\_X\_\_) No

If "yes", please attach a statement, not to exceed one (1) page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.

5.   PARTIES TO THIS ACTION:

   (a)   The following persons are necessary parties who have not been joined:

**Not applicable.**

   (b)   The following persons are improperly joined as parties:

**Not applicable.**

(c) The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:

**Not applicable.**

(d) The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

6. AMENDMENTS TO THE PLEADINGS:

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed. R. Civ. P. 15.  Further instructions regarding amendments are contained in LR 15.

List separately any amendments to the pleadings which the parties anticipate will be necessary.

**Not applicable.**

7. FILING TIME FOR MOTIONS:

All motions should be filed as soon as possible.  The local rules set specific filing limits for some motions.  These times are restated below.

All other motions must be filed WITHIN THIRTY (30) DAYS after the preliminary planning report is filed or should have been filed, unless the filing party has obtained prior permission of the Court to file later.  Local Rule 7.1A(2).

(a) *Motions to Compel*: before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.

(b) *Summary Judgment Motions*: within thirty (30) days after the close of discovery, unless otherwise permitted by Court order. Local Rule 56.1.

(c) *Other Limited Motions*: Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

(d) Motions Objecting to Expert Testimony: <u>Daubert</u> motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.

8. INITIAL DISCLOSURES:

The parties are required to serve initial disclosures in accordance with Fed. R. Civ. P. 26. If any party objects that initial disclosures are not appropriate, state the party and the basis for the party's objection.

**No objection.**

9. REQUESTS FOR SCHEDULING CONFERENCE:

Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.

**The parties do not request a scheduling conference with the Court at this time.**

10.  DISCOVERY PERIOD:

The discovery period commences thirty (30) days after the appearance of the first defendant by answer to the complaint.  As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this Court as assigned to one of the following three (3) discovery tracks: (a) zero (0) months discovery period, (b) four (4) months discovery period, and (c) eight (8) months discovery period.  A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F.  The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

Please state below the subjects on which discovery may be needed: **Discovery is needed on the issue of liability and damages.**

If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail:

**The parties do not anticipate needing more than four (4) months to complete discovery in this case.  The School District will be on summer break**

**for part of the discovery period but that probably will not have an impact in this case. If it becomes necessary, the parties will seek an extension of the discovery period prior to its expiration.**

11.   DISCOVERY LIMITATION:

(a)  What changes should be made in the limitations of discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed:

**None.**

(b) Is any party seeking discovery of electronically stored information?

\_\_\_X_____ Yes _____ No

If "yes,"

(1) The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:

Electronically stored information ("ESI") shall be included within the category of "documents" as it is commonly used in discovery, and accordingly, shall encompass writings, drawings, graphs, charts, photographs, sound recordings, images and other data or data compilations stored in electronic form in/on any medium from which information can be obtained. In particular, the Plaintiffs seek any electronic time sheets/records and badge swipe data.

(2) The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:

    a.    Any documents that exist in electronic form are specifically requested to be produced in native or near-native formats, pursuant to Rule 34(b)(1)(C) of the Federal Rules of Civil Procedure and should not be converted to an imaged format (e.g. .TIFF or .PDF) unless such document must be redacted to remove privileged content or the document does not exist within your care, custody or control in a native electronic format. Native format requires production in the same format in which the information was customarily created, used, and stored by you. The table below supplies examples of the native or near-native forms in which specific types of electronically stored information (ESI) should be produced:

| **Source ESI** | **Native or Near Native Form or Forms Sought** |
|---|---|
| Microsoft Word documents | .DOC, .DOCX |
| Microsoft Excel Spreadsheets | .XLS, .XLSX |

| | |
|---|---|
| Microsoft PowerPoint Presentations | .PPT, .PPTX |
| Microsoft Access Databases | .MDB |
| WordPerfect documents | .WPD |
| Adobe Acrobat Documents | .PDF |
| Photographs | .JPG |
| E-mail | Messages should be produced so as to preserve and supply the source RFC 2822 content of the communication and attachments in a fielded, electronically-searchable format.  For Microsoft Exchange or Outlook messaging, .PST format will suffice.  Single message production formats like .MSG or .EML may be furnished, if source foldering data is preserved and produced.  If your workflow requires that attachments be extracted and produced separately from transmitting messages, attachments should be produced in their native forms with parent/child relationships to the message and container(s) preserved and produced. |
| Databases (excluding e-mail systems) | Unless the entire contents of a database are responsive, extract responsive content to a fielded and electronically searchable format preserving metadata values, keys and field relationships.  If doing so is infeasible, please identify the database and supply information concerning the scheme and query language of the database, along with a detailed description of its export |

|  | capabilities, so as to facilitate Plaintiffs crafting a query to extract and export responsive data. |
|---|---|

b. *Form of production for documents that do not exist in electronic form.*

Documents that do not exist in a native electronic format or which require redaction of privileged content are hereby requested to be produced in searchable [.PDF] format with logical unitization preserved.

*Cost of production*

The parties hereby agree that the parties will bear their own costs of production. Parties will meet and confer if a party contends the cost of production is excessive.

In the absence of agreement on issues regarding discovery of electronically stored information, the parties shall request a scheduling conference in paragraph 9 hereof.

12. OTHER ORDERS:

What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?   The parties may seek a stay of discovery after the responses to the initial discovery responses have been provided in order to pursue any potential settlement talks.

13. SETTLEMENT POTENTIAL:

(a) Lead counsel for the parties certify by their signatures below that a Rule 26(f) conference was held on March 4, 2019, and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.

    For Plaintiff:        /s/ William S. Cleveland
    Other Participants:

    For Defendants:      /s/ Randall C. Farmer
    Other Participants :

(b) All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

(___) A possibility of settlement before discovery.

( X ) A possibility of settlement after discovery.

(___) A possibility of settlement, but a conference with the judge is needed.

(___) No possibility of settlement.

(c) Counsel and Plaintiff (X_) do or (__) do not intend to hold additional settlement conferences among themselves prior to the close of discovery.

(d) The following specific problems have created a hindrance to settlement of this case:

**None**

14. TRIAL BY MAGISTRATE JUDGE:

Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

(a) The parties (__) do consent to having this case tried before a magistrate judge of this Court.

(b) The parties (__X__) do not consent to having this case tried before a magistrate judge of this Court.

Respectfully submitted this 7th day of March, 2019.

| /s/ William S. Cleveland<br>William S. Cleveland<br>Georgia Bar No. 721593<br>William S. Cleveland<br>Parks, Chesin, & Walbert, P.C.<br>Atlanta, Georgia 30309<br>Telephone: 404-873-8000<br>Facsimile: (404) 873-8050<br>wcleveland@pcwlawfirm.com<br>Attorney for Plaintiffs | /s/ Randall Farmer<br>Randall C. Farmer<br>Georgia Bar No. 255345<br>GREGORY, DOYLE,<br>CALHOUN & ROGERS, LLC<br>49 Atlanta Street<br>Marietta, GA 30060<br>Telephone: 770-422-1776<br>Fax: 770-426-6155<br>Email:<br>rfarmer@gregorydoylefirm.com<br>Attorney for Defendant |
|---|---|

\* \* \* \* \* \* \* \* \* \* \* \* \*

## SCHEDULING ORDER

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified:

_____

_____

_____

_____

_____

IT IS SO ORDERED, this _____ day of _____, 2019.

_____

THE HONORABLE LEIGH MARTIN MAY,
JUDGE, U.S. DISTRICT COURT